IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:20-CV-128 (WOB-CJS)

MAKAYLA BLACK, *by and through her*
*mother and Guardian, Holly Ackerson*,                    PLAINTIFF,

VS.                    MEMORANDUM OPINION AND ORDER

DAVID GIBSON, *individually and in*
*his official capacity*,                    DEFENDANTS.

This is a civil rights and personal injury action arising out of a vehicular accident between a Boone County police officer and the plaintiff. The plaintiff has asserted a claim under 42 U.S.C. § 1983 for the defendant's actions taken under the color of state law, and she also seeks damages for negligence, gross negligence, and intentional infliction of emotional distress.

Before the Court is the defendants' motion to dismiss for failure to state a claim. (Doc. 17). The Court has carefully reviewed this matter and concludes that oral argument is unnecessary. The issues being ripe, the Court now issues the following Memorandum Opinion and Order.

### *Factual and Procedural Background*

On September 15, 2018, Makayla Black rode in the passenger seat while her mother, Holly Ackerson, drove northbound on Dixie Highway in Boone County, Kentucky. (Doc. 15 at ¶¶ 10-11). At 4:06 p.m., officer David Gibson received a complaint about four people

1

believed to have stolen some items from a Dollar General Store on Dixie Highway. (*Id.* at ¶ 14). On his own volition and without turning on his lights, Gibson proceeded southbound on Dixie Highway toward the Dollar General to investigate. (*Id.* at ¶ 17).

Six minutes later, Ackerson was turning left when Gibson's police cruiser struck her vehicle at approximately 67 miles per hour, which led to Black's hospitalization at the University of Cincinnati Hospital. (*Id.* at ¶¶ 27, 29).

Black filed her original complaint in this Court on September 11, 2020, alleging that Gibson was deliberately indifferent in his operation of his police cruiser. (Doc. 1). She also asserted state tort law claims of negligence, gross negligence, and intentional infliction of emotional distress.[1] (*Id.*)

On December 30, 2020, Gibson filed his first motion to dismiss. (Doc. 14). On January 13, 2021, Black filed her first amended complaint to remedy any perceived deficiencies in her original complaint. (Doc. 15). On January 29, 2021, Gibson filed another motion to dismiss. (Doc. 17). This Court denied Gibson's first motion to dismiss as moot. (Doc. 20).

### Standard of Review

To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to

---

[1] Ackerson filed a separate complaint in Boone County Circuit Court asserting only state law claims against Gibson. (Doc. 17-1).

relief that is plausible upon its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). While the Court construes the complaint in favor of the complaining party, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

### *Analysis*

#### A. <u>The statute of limitations was tolled</u>

Black filed suit against Gibson on September 11, 2020, almost two years past the September 15, 2018 accident. (Doc. 1). But shortly before the collision with Gibson, Ackerson had been appointed Black's guardian by court order on July 11, 2018, for an alleged disability related to Black's mental condition. (Doc. 15 at ¶¶ 4-5). Thus, Black argues she timely filed this action under Kentucky's tolling statute. (Doc. 18 at 5).

Because Congress has not established a limitations period for Section 1983 actions, federal courts must borrow analogous state statutes of limitation. *Board of Regents v. Tomanio*, 446 U.S. 478, 483-85 (1980). The statute of limitations for Section 1983 claims is one year in Kentucky. *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *see also* K.R.S. § 413.140(1)(a). The time for these actions begins to run when the plaintiff knew or had reason to know of her injury. *Scott v. Ambani*, 577 F.3d

642, 646 (6th Cir. 2009). An exception to this rule is Kentucky's

tolling statute, which provides:

> If a person entitled to bring any action mentioned in
> KRS 413.090 to 413.160, except for a penalty or
> forfeiture, was, ***at the time the cause of action accrued***,
> an infant or ***of unsound mind***, ***the action may be brought***
> ***within the same number of years after the removal of the***
> ***disability or death of the person***, whichever happens
> first, allowed to a person without the disability to
> bring the action after the right accrued.

K.R.S. § 413.170(1) (emphasis added).

The question here is whether Ackerson, acting as Black's

guardian prior to the accident, is subject to the one-year statute

of limitations imposed because she knew of this injury?

The Supreme Court has addressed tolling issues in Section

1983 suits. *Chardon v. Fumero Soto*, 462 U.S. 650, 657 (1983) ("The

practice of 'borrowing' state statutes of limitations 'logically

include[s] rules of tolling"). Thus, Kentucky's tolling rules must

also apply here.

Gibson argues that since Ackerson was Black's appointed

guardian prior to the accident, Ackerson was aware of any alleged

injuries Black sustained during the collision. (Doc. 17 at 3).

This argument is contradicted by the plain language of the statute.

Here, Gibson focuses on the knowledge of the wrong plaintiff—

Ackerson instead of Black. The plain language of the tolling

statute provides that Black's claims are tolled for her Section

1983 claim until her mental disability either subsides or she dies.

4

K.R.S. § 413.170(1). Neither instance has occurred, meaning the complaint was filed and served within the limitations period. *See, e.g., Sandmann v. ABC News, Inc.*, No. 2:20-CV-25, 2020 WL 5850952, at *2 (E.D. Ky. Oct. 1, 2020).

Therefore, Gibson's statute of limitation defense is without merit.

B. **Section 1983 claims**

Regardless, Black's Section 1983 claims against Gibson in his individual and official capacities fail to state a claim.

To state a prima facie claim under Section 1983, plaintiffs must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Only the first element is at issue here.

i. **Black's individual capacity claim fails**

A defendant sued in their individual capacity is entitled to qualified immunity unless the facts would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Vanderhoef v. Dixon*, 938 F.3d 271, 276 (6th Cir. 2019). Courts are permitted to "exercise their discretion in decid[ing] which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

In her amended complaint, Black alleges that Gibson deprived her of her substantive due process rights secured by the Fourteenth Amendment. (Doc. 15). These facts are predicated on Black's allegations that Gibson: (1) was "excessively speeding to a non-emergency situation;" (2) he "fail[ed] to properly give warning to the public by utilizing the emergency sirens and lights;" and (3) he "recklessly [drove] to a non-emergency call in which there was no danger or emergency that would justify the risk of harm to the public." (*Id.* at ¶ 39).

The Fourteenth Amendment to the United States Constitution has been interpreted as having a procedural and substantive component. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). Substantive due process serves the goal of preventing "governmental power from being 'used for purposes of oppression,'" regardless of the fairness of the procedures used. *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (quotation omitted). Substantive due process serves as a check on misconduct concerning deprivations of fundamental rights or misconduct that shocks the conscience.[2] *Howard*, 82 F.3d at 1349.

---

[2] The parties do not dispute that the standard for this matter is whether Gibson's actions shocked the conscience.

"To establish a claim under section 1983 for substantive due process violations, *Collins* requires a plaintiff to show conduct that is more egregious than 'gross negligence,' conduct that 'shocks the conscience[.]'" *Smith v. Lexington Fayette Urban Cty Gov*, 884 F.Supp. 1086, 1094 (E.D. Ky. May 10, 1995) (citing *Collins v. Harker Heights*, 503 U.S. 115 (1992)). The Supreme Court has held that:

> [b]ecause the Due Process clause 'does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society . . . we have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law.

*Collins*, 503 U.S. at 128.

Under this standard, and viewing Black's allegations as true, Gibson's conduct did not arise to a level of reckless disregard. *See Green v. Post*, 574 F.3d 1294, 1296 (10th Cir. 2009) (holding that an officer's clear negligence responding to a non-emergency did not rise to a level of deliberate indifference); *see also Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("we do not believe that any alleged negligence on [the defendant's] part amounts to a constitutional deprivation simply because he was speeding in the absence of an emergency response or police pursuit . . . it does not transform a state tort claim into a constitutional deprivation"); *Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986) ("a person injured in an automobile accident caused by the

7

negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty has no section 1983 cause of action for violation of a federal right").

Instead, as the Supreme Court has made clear, "the core concept [of substantive due process is] protection against arbitrary action" or "the arbitrary exercise of powers of government unrestrained by the established principles of private right and distributive justice." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

Gibson's response to an alleged crime cannot be said to be an arbitrary exercise of his governmental authority. Thus, his conduct simply does not rise to the level of reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore, in the absence of a constitutional deprivation, Black cannot sustain a cause of action against Gibson under Section 1983.

### ii.  **Black's municipal liability claim also fails**

Black's remaining claim is against Gibson in his official capacity. This, of course, equates to a claim against the governmental entity that employs Gibson. *Kentucky v. Graham*, 473 U.S. 159 (1985).

To start, Black does not contest Gibson's request to dismiss this claim against the Sheriff's Department for failing to plead sufficient facts to support an allegation that a policy, practice, or custom deprived her or her constitutional rights.

8

Nevertheless, there has been no underlying constitutional violation because Gibson's conduct did not rise to the level of deliberate indifference. Thus, when there is no underlying constitutional violation, the Sheriff's Department cannot be held vicariously liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

But even if Black's constitutional rights were violated, the Sheriff's Department would still be free from liability. For a plaintiff to recover from a county defendant for a constitutional violation, the violation must be the result of some "policy or custom" attributable to the county. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). This means the Sheriff's Department must have a "policy or custom" that directly causes its employees to be "deliberately indifferent" to a substantial risk of constitutional injury. *Farmer*, 511 U.S. at 825; *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

The evidence here does not show that there was a "policy or custom" causing deliberate indifference towards Black's constitutional rights. In fact, Black's own allegations suggest that the Sheriff's Department had a policy in place about how to proceed with non-emergency calls—which Gibson allegedly disregarded. Thus, assigning liability to the Sheriff's Department would amount to vicarious liability against the County, in violation of *Monell*. *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th

9

Cir. 2014). Therefore, dismissal is also appropriate for Black's official capacity claim.

C. **Black's pendent state law claims**

Black's remaining claims arise under Kentucky tort law. However, her complaint is based on federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Since the Court has no independent jurisdiction over Black's remaining state claims, they are dismissed without prejudice. 28 U.S.C. § 1367(c)(3).


Thus, having reviewed this matter, and the Court being advised,


**IT IS ORDERED** that the defendant's motion to dismiss (Doc. 17) be, and is hereby, **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall enter concurrently herewith.

This 9th day of June 2021.



Signed By:

*William O. Bertelsman*  WOB

**United States District Judge**

10